## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5327 | **DATE** | 2/4/2003 |
| **CASE TITLE** | Mark Cohen et al. Vs. AM General Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We must determine, from the complaint that jurisdiction over the case exists. We direct the parties to file briefs within 21 days addressing this issue.

(11) ■ [For further detail see order attached to the original minute order.]

Docketing to mail notices.

Date docketed: FEB 10 2003

Document Number: 31

courtroom deputy's initials: WAH

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK COHEN and FIRST CHOICE )
MEDICAL )
 )
              Plaintiffs, )
 )
              vs. )    No. 02 C 5327
 )
AM GENERAL CORPORATION, )
 )
              Defendant. )

FEB 10 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff leased a 1999 American General Hummer from Naperville Hummer Jeep on July 6, 1999, for a gross capitalized cost of $84,000. To facilitate this transaction, Naperville Hummer sold the Hummer to Mister Leasing Corporation. Defendant issued a written warranty that covered the Hummer against defects in factory supplied material or workmanship for three years or 36,000 miles. At the time of the lease, Mister Leasing assigned its rights in the warranty to the plaintiffs.

Pursuant to this warranty, plaintiffs tendered the Hummer to authorized dealerships for repairs on numerous occasions, and the dealers always agreed to perform the work at no cost to plaintiffs. After a number of repairs, plaintiffs filed a three-count complaint in state court alleging breach of written warranty, breach of implied warranty and revocation of acceptance. On July 11, 2002, plaintiffs chose to sell the Hummer, receiving $49,000 in trade-in value for the vehicle. On August 28, 2002, plaintiffs filed an amended complaint, consisting of two counts: breach of written warranty and breach of implied warranty. Defendant now moves for summary judgment, arguing that the Magnuson-Moss Warranty Act, 15 U.S.C.

31

§2301 *et seq.*, does not cover lease transactions of this type and, alternatively, that plaintiffs cannot demonstrate any damages as a matter of law.

It appears from the facts presented by the parties that we do not have jurisdiction over this dispute. The Magnuson-Moss Act does not grant federal courts jurisdiction over suits "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs)." 15 U.S.C. § 2310(d)(3)(B). Plaintiffs' attorney, in an affidavit attached to the amended complaint, states that he believes that the damages are greater than $50,000. In their amended complaint, however, plaintiffs ask for "[t]he difference between the purchase price of the Hummer and the trade-in allowance for the Hummer, less the value of use of the Hummer by Plaintiffs, diminution in value of the vehicle, and all incidental and consequential damages incurred, including inconvenience and loss of use" (plf's am.cplt., ¶¶44, 53). Because the plaintiffs purchased the vehicle for $84,000 and traded it in for $49,000, their complaint seeks damages of $35,000,[1] plus any incidental or consequential damages. Nowhere does plaintiff describe these alleged damages or indicate to the court how they could reach the sum of $15,000. Thus, despite the affidavit, it is not clear that subject matter jurisdiction over this case exists.

While defendant does not dispute plaintiffs' attorney's assertion or challenge jurisdiction, the parties cannot agree to jurisdiction. E.E.O.C v. Chicago Club, 86 F.3d 1423, 1428 (7th Cir. 1996) (*citing* Sosna v. Iowa, 419 U.S. 393, 398 (1975)). *See* Gabriel v. Mitsubishi Motor Sales of America, Inc., 976 F.Supp. 1154 (N.D.Ill. 1997) (holding, in a case nearly

---

[1] This is, of course, the maximum value of plaintiffs' complaint. They concede that any damages must be offset by the value of use to the plaintiffs. Moreover, in their briefing of the summary judgment motion, plaintiffs concede that the value of their claim (depending on the method of calculation) is likely either $5,610 or $11,900, before adding in the consequential and incidental damages (plf. opp. mem. at 19, 21). The briefing on this issue must explain how the complaint could be worth the statutory minimum.

identical factually, that parties must demonstrate a "reasonable probability" that the required amount is in controversy). We must determine, from the complaint that jurisdiction over the case exists.

We direct the parties to file briefs within 21 days addressing this issue.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 4, 2003.